WILLIAM P. FRATES, JR. *vs.* KAREN M. FAY. June 29, 2000. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Civil,* Interlocutory appeal.

William P. Frates, Jr. (petitioner), appeals under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief pursuant to G. L. c. 211, § 3, by a single justice of this court.[1] The petitioner had requested of the single justice that "the injunction denying petitioner access to the courts be removed"; a named judge "no longer have sole jurisdiction over this case; . . . the current modification address the issues of custody and contact with children"; and "the 209A order be summarily dismissed as it applies to the children, and the case be remanded."

---

[1] We treat, as requested, a copy of petitioner's petition under G. L. c. 211, § 3, as his memorandum under rule 2:21.

The rule applies when a single justice denies relief from a challenged interlocutory ruling in the trial court and does not report that denial to the full court. S.J.C. Rule 2:21 (1). The appellant "must set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2).

The papers filed by the petitioner do not enable us to determine definitively whether "the injunction denying petitioner access to the courts" is an interlocutory ruling. The direction that the petitioner not "file any new complaint or motion in any matter involving [the defendant] or their children . . . until he first files for leave of this court to do so" is contained in an order and memorandum of decision devoted almost entirely to that decision. The order, issued by a Probate and Family Court judge in response to a request by the defendant, also specifies an address to be used for further service on her; directs that two matters be consolidated for trial; and requires the parties to file financial statements. It does not dispose of any other matters. The parties were divorced in 1994, so the order appears to be part of post-judgment proceedings.

If we were to treat the order as being interlocutory, we would affirm the judgment of the single justice because the petitioner has not met the requirement of rule 2:21 (2). If, however, we were to treat the order as final, we would not permit the petitioner to pursue his appeal from the judgment of the single justice in the regular course, as we sometimes do when an appeal is brought under rule 2:21 from what is not an interlocutory order of a trial court, because the petitioner could have sought review of the order in the Appeals Court. See G. L. c. 215, § 9. Relief under G. L. c. 211, § 3, therefore, is not available. See *Hahn* v. *Planning Bd. of Stoughton*, 403 Mass. 332, 335 (1988). This determination also disposes of the petitioner's related request regarding one judge's having sole jurisdiction over the case.

The petitioner also asks that "the current modification address . . . issues of custody and contact with children." We assume the petitioner refers to an ongoing modification proceeding. The petitioner has not demonstrated that this proceeding is ripe for review.

The petitioner next seeks to have a "209A order" dismissed and the case remanded for a new hearing. "An order entered in a G. L. c. 209A proceeding is not an interlocutory order of the trial court subject to S.J.C. Rule 2:21." *Parekh* v. *Parekh*, 421 Mass. 1009, 1009 (1996). Moreover, we have concluded that review of orders issued under G. L. c. 209A should be initiated by the filing of an appeal in the Appeals Court, not by a petition under G. L. c. 211, § 3. *Zullo* v. *Goguen*, 423 Mass. 679, 681 (1996). Hence, we do not permit the petitioner to pursue his appeal from the judgment of the single justice, regarding this issue, in the regular course.

*Judgment affirmed.*

The case was submitted on the papers filed, acccompanied by a memorandum of law.

*William P. Frates, Jr.*, pro se.