*William M. Tyree*, pro se.

TODD CUMMINS *vs.* COMMONWEALTH. January 29, 2001. *Supreme Judicial Court,* Appeal from order of single justice.

Todd Cummins (petitioner) appeals pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial by a single justice of this court of his petition for relief under G. L. c. 211, § 3. A Superior Court judge had allowed the Commonwealth's motion for an order to take a blood sample of the petitioner and had denied the petitioner's motion to preclude DNA testing until a DNA expert for the defense had been retained, and to permit that expert to observe the Commonwealth's testing. The petitioner sought relief in the county court from only the allowance of the Commonwealth's motion.

The allowance of the Commonwealth's motion is an interlocutory ruling for

purposes of rule 2:21 (1). We examine whether the petitioner has met the requirement of rule 2:21 (2), that he "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." The petitioner presents two arguments: (1) that no postjudgment appeal will make him whole if the "bodily intrusion," the taking of the sample, is allowed; and (2) that the Commonwealth has failed to demonstrate, as he claims it must, that taking a blood sample will probably produce relevant evidence. See *Commonwealth* v. *Trigones*, 397 Mass. 633, 640 (1986). Without passing judgment on the merits of the petitioner's first argument, we note that, in his memorandum filed under the rule, he states that he "objects to [the] bodily intrusion," but is not more specific regarding any right he claims would be violated. See *Matter of a Grand Jury Investigation*, 427 Mass. 221, 223-227, cert. denied sub nom. *A.R.* v. *Massachusetts*, 525 U.S. 873 (1998) (referring to circumstances in which blood samples may be obtained without violating constitutional prohibition); *Schipani* v. *Commonwealth*, 382 Mass. 685, 685 (1980), quoting *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980) (petitioner seeking review under G. L. c. 211, § 3, "must demonstrate both a substantial claim of violation of his substantive rights and irremediable error"). In addition, he has not explained (regarding his second argument) why, if the Commonwealth has failed to demonstrate that taking the sample will probably produce relevant evidence, that failure could not be remedied on appeal or by other available means. We conclude that the petitioner has not met his burden under rule 2:21 (2).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*R.J. Cinquegrana & Scott H. Kremer* for the petitioner.