BRIAN MEUSE *vs.* SUSAN PANE & another.[1] February 14, 2001. *Supreme Judicial Court,* Appeal from order of single justice.

Brian Meuse (petitioner) appeals pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial by a single justice of this court of his petition for relief under G. L. c. 211, § 3. A Probate and Family Court judge had issued an order directing the petitioner to return custody of a minor child to the mother, specifying that the mother would have sole legal and physical custody, and suspending the father's visitation. A single justice of the Appeals Court had subsequently denied the petitioner's request for relief.[2]

We consider the probate judge's order to be an interlocutory ruling for purposes of rule 2:21 (1), and we turn to determining whether the petitioner has met his burden under rule 2:21 (2) that he "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[3] We have considered the petitioner's arguments alleging a need for prompt judicial action based on representations as to the child's physical and psychological condition. Nevertheless, we note that the probate judge, in directing that the mother have sole legal and physical custody, restricted that decision's duration "until . . . both litigants appear before the Court upon appropriate pleading and proper notice." The petitioner has not met his burden under rule 2:21 (2), because he has not explained why he cannot adequately obtain relief from the custody order at issue by seeking the prompt schedul-

---

[3]The firms represent Athena, Melita, Judith, and Stefano Picciotto; Juan Nunez; and Foreign Car Center, Inc.

[1]Essex Division of the Probate and Family Court Department of the Trial Court.

[2]The petitioner also requested "reversal" in this court of that denial of relief.

[3]We do so in spite of the fact that the petitioner also sought relief in the Appeals Court, because he focuses on the action of the Probate and Family Court judge in his request to the single justice of this court and in his appeal under rule 2:21.

ing of the proceeding contemplated by the Probate and Family Court judge.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Barbara C. Johnson* for the petitioner.