IN THE MATTER OF A GRAND JURY INVESTIGATION. October 3, 2001. *Supreme Judicial Court,* Appeal from order of single justice. *Evidence,* Blood sample.

The petitioner appeals pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), from the denial by a single justice of this court of a petition under G. L. c. 211, § 3, for relief from an order of a Superior Court judge

---

compelling the production and testing of a blood sample. The petitioner obtained, from the single justice, a stay of the order "pending appeal, or until further order of the single justice."

The order of the Superior Court judge is interlocutory for purposes of S.J.C. Rule 2:21 (1), 421 Mass. 1303 (1995), so we consider whether the petitioner has met the requirement of the second paragraph of the rule that he "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." The petitioner contends that certain motions and procedures available to one who has been indicted are not available; there is no other remedy; review now is appropriate, citing *Matter of Lavigne,* 418 Mass. 831, 833 (1994); and asks why the taking of the sample should be allowed "if the Commonwealth has failed to demonstrate the relevancy of the blood to the investigation." The petitioner has not met the burden imposed by S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001).

As the Commonwealth notes, "comparison testing may exclude the petitioner"; and, if the petitioner were to be convicted, "regular appellate review" would be available. See *Commonwealth* v. *Downey,* 407 Mass. 472, 474-475 (1990). Moreover, *Matter of Lavigne, supra,* is distinguishable because the blood sample at issue there was obtained pursuant to a warrant. *Id.* at 832-833. In addition, the petitioner's question concerning the Commonwealth's alleged failure to demonstrate the relevancy of the sample does not directly address why review may not adequately be obtained on appeal. See *Matter of a Grand Jury Investigation,* 427 Mass. 221, 223-226, cert. denied sub nom. *A.R.* v. *Massachusetts,* 525 U.S. 873 (1998) (specifying standard for seeking of blood samples).

The petitioner also contends that compelling production of "a blood sample and allowing it to be tested and compared to other evidence seized would be irreversible and, therefore, effective relief may not be had in the normal course of appeal." The petitioner apparently assumes that the test results would be admitted at trial; that the decision to do so would be upheld on appeal; and that the results would be admitted again if a new trial were ordered.

The petitioner has not fulfilled the obligation imposed by rule 2:21 (2). See *Cummins* v. *Commonwealth,* 433 Mass. 1005 (2001) (affirming denial of relief under G. L. c. 211, § 3, from Superior Court judge's order allowing Commonwealth's motion to take blood sample).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Colleen C. Currie* for the petitioner.