*Jack Saade,* pro se.

DIANE FARLEY *vs.* COMMONWEALTH (and a consolidated case). November 30, 2001. *Supreme Judicial Court,* Appeal from order of single justice.

Diane Farley (petitioner) has filed two appeals pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), from the denial by a single justice of this court of two petitions for relief under G. L. c. 211, § 3.[1] In the first case, the petitioner states that a Superior Court judge denied her "pretrial motion in limine to bar the Commonwealth from using the results of certain forensic testing if the defendant does the testing and then chooses not to use it at trial."

The Superior Court judge's ruling is interlocutory, so we examine whether the petitioner has met her obligation to "set forth . . . reasons why review of the trial court decision cannot adequately be obtained on appeal . . . or by other available means." S.J.C. Rule 2:21 (2). The petitioner recites that if she proceeds with the testing, she risks having the Commonwealth's being allowed to use the results against her if they are unfavorable. She also contends that she cannot have a fair trial if the Commonwealth is not precluded from using test results that she obtains but does not use. Without passing judgment on the likelihood of the Commonwealth's being able to use test results the petitioner obtains and does not use, see Mass. R. Crim. P. 14 (a) (2) and (a) (3) (A), 378 Mass. 874 (1979); *Commonwealth* v. *Trapp,* 423 Mass. 356, 363, cert. denied, 519 U.S. 1045 (1996); *Commonwealth* v. *Haggerty,* 400 Mass. 437, 441 (1987), we conclude that the petitioner has not met the requirement of rule 2:21 (2). She contends that she "runs the high risk of being wrongfully convicted again" if the trial court is not forced "to make the correct pretrial ruling"; her preparation of her defense may be impeded; and she cannot adequately obtain relief on appeal because she will be incarcerated in the interim. She has neither established that she is precluded from obtaining a favorable ruling at trial (if the Commonwealth were to offer evidence she obtained and chose not to use), nor demonstrated that appellate review would be inadequate, as it may be for those claiming a violation of the right not to be tried twice for the same offense. See *McGuinness* v. *Commonwealth,* 423 Mass. 1003 (1996), *S.C.,* 424 Mass. 1004 (1997); *Costarelli* v. *Commonwealth,* 374 Mass. 677, 680 (1978).

In the consolidated case, according to the petitioner, a Superior Court judge denied the petitioner's "pretrial motion in limine to bar the testimony of Roland James, or the use of transcripts from her first trial, at which Roland James testified."

---

[1] We note that the Commonwealth did not devote much attention in its response to the petitions under G. L. c. 211, § 3, to the question whether the petitioner presented issues within the scope of G. L. c. 211, § 3 (distinct from arguing the petition's merits). See *Thames* v. *Commonwealth,* 365 Mass. 477, 477 n.1 (1974).

Rule 2:21 is applicable here also because the trial court ruling at issue is interlocutory, so we consider whether the petitioner has fulfilled her obligation under rule 2:21 (2). The petitioner argues that, if she is again convicted on certain evidence, especially that from Roland James, then the value of the pending new trial will have been significantly undermined ("infected with the same prejudicial effect of the ineffectiveness of counsel"). The petitioner also suggests that we adopt a new rule to deal with such a situation.

We do not demean or minimize the potential impact on the petitioner of possibly having to bring an appeal following her retrial. Yet, the petitioner appears to assume that she cannot succeed in preventing use of the testimony at trial. Moreover, she does not appropriately indicate why she cannot adequately obtain review of the judge's decision on appeal, or by other available means. See S.J.C. Rule 2:21 (2). The situation she describes here also does not rise to the level of one whose claim is based, for example, on a violation of the right not to be tried twice for the same offense. See *McGuinness* v. *Commonwealth, supra* at 1003; *Costarelli* v. *Commonwealth, supra* at 680.

*Judgments affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Greg T. Schubert* for the petitioner.