ANA WHITE *vs.* COMMONWEALTH. August 6, 2003. *Supreme Judicial Court, Appeal from order of single justice. Deoxyribonucleic Acid.*

Ana White appeals from the denial of her petition for relief under G. L. c. 211, § 3, by a single justice of this court.[1] White had sought relief from an order of a judge in the Superior Court, in a pending criminal case, allowing the Commonwealth to take a saliva sample from her for deoxyribonucleic acid (DNA) analysis. We affirm the judgment of the single justice.

White has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Because the pretrial order allowing the Commonwealth to take a saliva sample is an interlocutory ruling, see S.J.C. Rule 2:21 (1), 421 Mass. 1303 (1995), we examine whether, as required by rule 2:21 (2), White has "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." White claims that she cannot obtain adequate review on appeal because by then the seizure will already have occurred. That argument is unconvincing. See *Matter of a Grand Jury Investigation*, 435 Mass. 1002, 1003 (2001) (rejecting same argument concerning blood sample). See also *Glawson* v. *Commonwealth*, 436 Mass. 1007, 1007 (2002) (blood and hair samples); *Cummins* v. *Commonwealth*, 433 Mass. 1005, 1005-1006 (2001) (blood sample). White also argues extensively that the Commonwealth failed to demonstrate probable cause to justify the seizure. That contention, however, does not "address why review may not adequately be obtained on appeal." *Matter of a Grand Jury Investigation*,

[1]The single justice addressed and denied White's claim on the substantive merits, and did not address the threshold procedural question whether White had shown the absence of an adequate alternative remedy to relief under G. L. c. 211, § 3. We affirm the denial of White's petition on the alternative remedy ground, and express no opinion on the merits. See *Farley* v. *Commonwealth*, 435 Mass. 1010, 1010-1011 (2001).

*supra.* Accordingly, White has failed to sustain her burden under rule 2:21 (2).[2]
The judgment of the single justice is affirmed.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Norman S. Zalkind & Inga S. Bernstein* for the petitioner.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

---

[2]White requests that, in the event that she is required to submit a saliva sample, this court order that she be allowed to have her own expert present for the testing, and that the sample be preserved in case she wishes to perform additional testing on it. That request is not properly before us. The record before us indicates that no judge has yet ruled on that request.