ROBERT COOK *vs.* EDGAR N. CARLSON & others.[1] November 20, 2003. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts.

Robert Cook appeals from a judgment of a single justice of this court denying his petition for extraordinary relief pursuant to G. L. c. 211, § 3. We affirm.

Following the entry of a final judgment in a civil action that Cook had commenced in the Superior Court, Cook filed a motion to vacate the judgment. A judge in the Superior Court denied the motion, concluding that it was "wholly insubstantial and frivolous." The judge further found that Cook's motion was part of a "pattern of frivolous post-judgment filings [that had] been an abuse of court proceedings" and "a source of costly, vexatious and persistent harm to the defendants and their counsel." So finding, the judge ordered Cook to pay $500 in costs to each defendant who had filed an opposition to Cook's motion to vacate the judgment. The judge further ordered that the clerk not accept for filing any further motion or paper from Cook in the case, or any new complaint by Cook against any defendant in the case, unless a judge first determined that Cook fully complied with all applicable rules, that any proposed filing was not frivolous or repetitive of prior claims, and that Cook paid the ordered costs.

A single justice of the Appeals Court thereafter denied Cook's request for a stay but modified the Superior Court's order by directing that Cook could file a timely notice of appeal from the order without first paying the sanction. Cook then filed a timely notice of appeal from the Superior Court's order, and subsequently filed his petition under G. L. c. 211, § 3, seeking relief from the order.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Although technically speaking rule 2:21 does not apply in

---

[1]George G. Burke; David E. Cunningham; the law firm of Burke, Cunningham & Burke; Deborah Carlson; Lorraine Troup Walsh; Elouise Troup, Inc.; David A. White; the law firm of Davis, White & Pettingell, LLC; and Franklin Properties and Development Corporation.

these circumstances, we can nonetheless conclude that the single justice neither erred nor abused her discretion in denying relief because Cook has an adequate alternative to this court's exercise of its extraordinary power under G. L. c. 211, § 3.[2] Cook may challenge the Superior Court's order (as modified by the Appeals Court) on direct appeal, as he apparently intends to do by having filed a timely notice of appeal. See *Diggs* v. *Commonwealth*, 439 Mass. 1006, 1006-1007 (2003), and cases cited (relief under G. L. c. 211, § 3, may not be sought as a substitute for normal appellate review).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Robert Cook*, pro se.

---

[2]Although the single justice appears to have considered and rejected Cook's petition on the substantive merits, we affirm the denial of Cook's petition on the preliminary procedural ground that Cook failed to show the absence of an adequate alternative remedy to relief under G. L. c. 211, § 3. See *White* v. *Commonwealth*, 439 Mass. 1017 (2003); *Farley* v. *Commonwealth*, 435 Mass. 1010 (2001).

