LEON ROBINSON *vs.* COMMONWEALTH. January 2, 2004. *Supreme Judicial Court,* Appeal from order of single justice. *Evidence,* Blood sample, Photograph. *Deoxyribonucleic Acid.*

Leon Robinson appeals from the denial, by a single justice of this court, of two petitions he filed under G. L. c. 211, § 3. Robinson had sought relief from two orders entered by a judge in the Superior Court in a pending criminal case. One order allowed the Commonwealth to take a blood sample from Robinson for deoxyribonucleic acid (DNA) analysis. The other order denied Robinson's motion to preserve a blood stain found on a jacket he was wearing when arrested — a blood stain on which the Commonwealth plans to perform DNA testing and, in the process, consume. We affirm the judgments of the single justice.

Because the challenged trial court orders are interlocutory, S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), applies.[1] Robinson asserts that allowing the Commonwealth to take a blood sample from him would violate his right

---

[1]Robinson represents that he inquired of the "Clerk for the Supreme Judicial Court" whether S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), applied and was informed that the case would "follow a normal appellate track" instead of following the provisions

against unreasonable searches and seizures. Yet he fails to demonstrate why he could not challenge the legality of the seizure on appeal from an adverse judgment. See *White* v. *Commonwealth*, 439 Mass. 1017, 1017 (2003), and cases cited. Robinson also complains about the Commonwealth's plan to perform a DNA test on, and destroy, the blood found on his jacket. Robinson argues that destruction of the blood stain would deprive him of the opportunity to pursue, through an expert witness, his defense that the stain did not have the characteristics of splatter from a gunshot, and that the blood could have been planted on his jacket sometime after the shooting. According to Robinson, the judge ruled that a photograph of the blood stain would have to be taken before the Commonwealth could perform the DNA test. See *Commonwealth* v. *Gordon*, 422 Mass. 816, 836 (1996) (when Commonwealth "performs testing that would exhaust the evidence," photographing evidence beforehand is "better practice"). Nonetheless, Robinson complains that, according to his expert, a photograph "will not be as effective" as the original sample to corroborate the expert's testimony. True or not, Robinson has not shown why, in the event he is convicted, he could not adequately obtain review on direct appeal from the order allowing the Commonwealth to test the blood stain, and of his claim regarding the insufficiency of any photograph. See, e.g., *Commonwealth* v. *Hunter*, 426 Mass. 715, 718-719 (1998); *Commonwealth* v. *Shipps*, 399 Mass. 820, 833-837 (1987). Robinson has not, therefore, satisfied his burden under rule 2:21 (2).

*Judgments affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*James H. Budreau* for the petitioner.


---

of rule 2:21. Thus, rather than filing a memorandum under rule 2:21 (2), Robinson filed a brief. In these unique circumstances, we treat Robinson's brief as a memorandum under rule 2:21, and examine whether "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." Rule 2:21 (2).