CHARMAINE HARTFIELD *vs.* COMMONWEALTH. April 5, 2005. *Constitutional Law,* Double jeopardy. *Practice, Criminal,* Indictment, Dismissal, Double jeopardy. *Supreme Judicial Court,* Appeal from order of single justice.

Charmaine Hartfield, who has been indicted for murder in the second degree, appeals from the denial by a single justice of this court of her petition pursuant to G. L. c. 211, § 3. Hartfield was tried on the indictment before a jury. At the close of the Commonwealth's case, and again at the close of the evidence, she moved for a required finding of not guilty. These motions were denied. The jury could not reach a unanimous verdict, and a mistrial was declared. Hartfield then moved in the trial court to dismiss the indictment on the ground that retrial would subject her to double jeopardy, arguing that the Commonwealth failed to present sufficient evidence to convict her of either murder or manslaughter. This motion was also denied. Her petition under G. L. c. 211, § 3, by which she sought dismissal of the indictment only insofar as it charges murder rather than manslaughter, was thereafter denied on the merits,[1] and this appeal followed. We affirm the judgment of the single justice.

Hartfield concedes that the evidence was sufficient to show that she stabbed the victim with a steak knife, causing his death. However, she argues that there was evidence that she had acted on reasonable provocation or had used excessive force in self-defense, and that the Commonwealth failed to carry its burden to disprove these mitigating circumstances beyond a reasonable doubt. *Commonwealth* v. *Lapage,* 435 Mass. 480, 484 (2001). Accordingly, she argues, common-law double jeopardy principles prohibit her retrial for murder. *Berry* v. *Commonwealth,* 393 Mass. 793, 798-799 (1985). We disagree.

The flaw in Hartfield's argument is that the jury were not *required* to credit the evidence supporting her contention that she acted on provocation or in self-defense. The evidence is examined in the light most favorable to the defendant in determining whether instructions on provocation or self-defense are warranted, *Commonwealth* v. *Brum,* 441 Mass. 199, 204 (2004), but that is not to say that the jury must believe that evidence — or that a judge or an appellate court, in assessing the sufficiency of the Commonwealth's evidence to support a conviction of murder, must assume that the jury would believe that evidence. A jury could credit the evidence indicating that Hartfield intentionally stabbed the victim in the chest with a dangerous weapon and discredit the evidence (primarily from Hartfield's own statement to the police) that she did so because she was provoked or threatened by the victim. Alternatively, the

---

[1]Because Hartfield raised a substantial claim that a second trial would violate her right against double jeopardy, the single justice properly considered the merits of her G. L. c. 211, § 3, petition. *McGuinness* v. *Commonwealth,* 423 Mass. 1003, 1004 (1996). See *Neverson* v. *Commonwealth,* 406 Mass. 174, 175-176 (1989).

jury could believe the basic facts set forth in Hartfield's statement and suggested by other evidence as to the events preceding the stabbing and still conclude that these facts did not amount to reasonable provocation or entitle her to defend herself with any degree of force. On either view of the evidence, the jury would be warranted in returning a verdict of murder.

Moreover, the Commonwealth's evidence, if credited, would have sufficed to rebut any inference of mitigating circumstances. The evidence warranted a finding that Hartfield intentionally and forcefully stabbed the victim in the chest with a dangerous weapon. Further, there was evidence that the victim was unarmed, that he was thirty pounds lighter than Hartfield and only one inch taller, and that he had neither injured nor threatened to injure her. In these circumstances, the evidence was sufficient to warrant a finding that Hartfield killed the victim with malice and to disprove her claim that the killing was committed in self-defense or on reasonable provocation. Double jeopardy principles therefore do not bar her retrial for murder in the second degree as well as manslaughter.

*Judgment affirmed.*

*Benjamin H. Keehn*, Committee for Public Counsel Services, for the defendant.

*Paul B. Linn*, Assistant District Attorney, for the Commonwealth.