GAETANO COLOMBA & others[1] *vs.* DWC ASSOCIATES, LLC, trustee.[2] June 23, 2006. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

The petitioners appeal from a judgment of a single justice of this court denying their petition for relief pursuant to G. L. c. 211, § 3. We affirm.

This case arises out of a receivership proceeding in which a receiver was appointed with respect to a group of condominium units subject to various alleged outstanding debts. The receiver moved for an order authorizing him to sell the property to a certain party. A judge in the Superior Court allowed the motion, authorizing the receiver to sell the property under certain conditions. The judge further ordered that the receivership proceeding would be dismissed after the sale and "after the expiration of time for appeals or upon final adjudication of any appeal."

The petitioners sought a stay of and relief from the judge's order in the Appeals Court pursuant to G. L. c. 231, § 118, first par. A single justice of that court denied the requests summarily. The petitioners then sought the same relief in the county court pursuant to G. L. c. 211, § 3. A single justice of this court denied the requests without a hearing.

The case is now before us purportedly pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The subject of the petitioners' G. L. c. 211, § 3, petition — the Superior Court orders authorizing the receiver to sell the property under certain conditions — was an appealable order under the doctrine of present execution. See *Plumer* v. *Houghton & Dutton Co.*, 277 Mass. 209, 212-213 (1931) (decree authorizing receivers to sell assets to named purchasers under specified terms treated as final decree for purposes of appeal). Accord *Maddocks* v. *Ricker*, 403 Mass. 592, 597-598 (1988); *Vincent* v. *Plecker*, 319 Mass. 560, 564 n.2 (1946). Thus, because the petitioners could have sought review of the Superior Court orders in a direct appeal to the Appeals Court, we do not permit them to pursue their appeal from the judgment of the single justice in the regular course. See *Frates* v. *Fay*, 432 Mass. 1001, 1002 (2000). See also *Cook* v. *Carlson*, 440 Mass. 1025, 1025-1026 (2003). It is not too late for the petitioners to seek to file a late notice of appeal because less than one year has passed since the Superior Court judge entered the orders at issue in the case. See Mass. R. A. P. 14 (b), as amended, 378 Mass.

---

[1]Blanca Martinez, Rafael Martinez, and VIMS Investment Trust.

[2]Of the Everett Industrial Condominium Trust.

939 (1979); *Commonwealth* v. *White*, 429 Mass. 258, 263 (1999).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*David M. McGlone* for Gaetano Colomba.

*Robert S. Wolfe* for Blanca Martinez & others.