KRISTIN G. BEDELL *vs.* SCOTT BEDELL & another.[1] September 17, 2008. *Supreme Judicial Court,* Appeal from order of single justice. *Divorce and Separation, Death of party.*

Kristin Bedell appeals from a judgment of a single justice of this court denying her petition under G. L. c. 211, § 3. We affirm.

In February, 2006, Kristin Bedell filed a complaint for divorce from her husband, Thomas Bedell. On March 8, 2007, during the course of the divorce proceedings, Thomas filed a motion seeking to be released from the automatic restraining order that was in place pursuant to Rule 411 of the Supplemental Rules of the Probate Court (2008). Thomas, whose death was imminent, wanted to be released from the restraining order so that he could transfer his interests in certain assets to his children from a previous marriage. If Thomas had passed away before the divorce proceedings concluded and he had not been released from the provisions of the restraining order, the assets in question would have passed to Kristin rather than to his children. On March 15, 2007, the probate judge allowed the motion, over Kristin's objection, on the basis that it would be inequitable for Kristin to receive one hundred per cent of the marriage assets because of Thomas's "sudden and imminent death."

Shortly thereafter, on March 19, 2007, Kristin filed a motion in the Probate and Family Court to stay the order. She also filed a petition for interlocutory relief with a single justice of the Appeals Court pursuant to G. L. c. 231, § 118, first par. On March 20, 2007, Thomas died. Kristin's motion to stay the order releasing Thomas from the restraining order was denied the same day. Her petition for interlocutory relief was also denied. On April 4, 2007, a suggestion of death and a request for a dismissal of the divorce proceedings was filed in the Probate and Family Court on behalf of Thomas. A judgment of dismissal was entered on April 11, 2007. Kristin moved to vacate the judgment of dismissal, but the motion was denied after a hearing.

Kristin also sought to appeal from the single justice's denial of her petition under G. L. c. 231, § 118, first par. Her notice of appeal was struck on the same day that it was filed, April 23, 2007, on the basis that there is no right of appeal from the decision of a single justice issued pursuant to G. L. c. 231, § 118, first par. Kristin took no further action until December 24, 2007, when she filed her G. L. c. 211, § 3, petition, which the single justice denied.

Relief under G. L. c. 211, § 3, is properly denied "where there are adequate and effective routes . . . by which the petitioning party may seek relief." *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019 (1996). The petitioner bears the burden to allege and demonstrate the absence or inadequacy of other remedies. See, e.g., *Russell* v. *Nichols*, 434 Mass. 1015, 1016 (2001). Kristin has not met this burden. The order releasing Thomas from the restraining order was, initially, an interlocutory order from which Kristin appropriately sought review pursuant to G. L. c. 231, § 118, first par. After Thomas died, however, the order became final. See *Edinburg* v. *Edinburg*, 22 Mass. App. Ct. 192, 197 n.13 (1986) (interlocutory order awarding counsel fees "effectively became a final order from which immediate review was available" on death of husband and abatement of then ongoing divorce proceedings). See also *Diggs* v. *Diggs*, 291 Mass. 399, 401 (1935) (divorce proceedings abate upon death of either party).

Kristin thus had an adequate and effective avenue for seeking relief: once

[1]Wendi Farid.

the order became final, on Thomas's death and the abatement of the divorce proceedings, she could have sought review of the order in the Appeals Court. See *Edinburg* v. *Edinburg, supra.* Kristin's claims do not warrant the extraordinary relief of G. L. c. 211, § 3.[2]

*Judgment affirmed.*

*Patricia S. Johnstone* (*David S. Smith* with her) for the plaintiff.
*Mary P. Harrington* for the defendants.

[2]Although the single justice considered and denied Kristin's petition on the merits, "we affirm the denial of [the] petition on the preliminary procedural ground that [Kristin] failed to show the absence of an adequate alternative remedy to relief under G. L. c. 211, § 3." *Cook* v. *Carlson,* 440 Mass. 1025, 1026 n.2 (2003), citing *White* v. *Commonwealth,* 439 Mass. 1017 (2003), and *Farley* v. *Commonwealth,* 435 Mass. 1010 (2001).