LEAH DANIELS *vs.* COMMONWEALTH. November 17, 2009. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Double jeopardy, Required finding. *Armed Assault with Intent to Murder. Mayhem. Assault and Battery by Means of a Dangerous Weapon. Self-Defense.*

Leah Daniels appeals from a judgment of a single justice of this court denying her petition for relief pursuant to G. L. c. 211, § 3. We affirm.

Following a mistrial in 2002, Daniels was retried in 2005 on charges of armed assault with intent to murder, mayhem, and assault and battery by means of a dangerous weapon. At trial, she moved unsuccessfully for a required finding of not guilty. See Mass. R. Crim. P. 25 (a), 378 Mass. 896 (1979). The jury later became deadlocked, and the judge declared a mistrial. Daniels moved unsuccessfully in the Superior Court to dismiss the charges, claiming that the Commonwealth's evidence was insufficient to sustain any convictions, and that, accordingly, principles of double jeopardy barred retrial. See *Kater* v. *Commonwealth,* 421 Mass. 17, 19 (1995); *Berry* v. *Commonwealth,* 393 Mass. 793, 798-799 (1985). She then petitioned for relief in the county court, pursuant to G. L. c. 211, § 3, to no avail.

Examined in the light most favorable to the Commonwealth, see *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-678 (1979), the evidence was as follows. One early December morning in 1999, following a party at a nightclub in downtown Boston, Scott Sullivan and a few friends walked out of the club to hail a taxicab. While he and a female friend walked into the street, leaving two other friends on the sidewalk, a dark sedan pulled up and double-parked. The driver went to a nearby pizza restaurant, leaving the door open and music playing on the radio; several passengers were inside. Sullivan sat in the driver's seat, played with the radio, and tried to engage the front passenger, a woman, in friendly conversation. One of Sullivan's friends told him to get out of the car, but he remained. Shortly thereafter, the driver returned and yelled at Sullivan to get out of the car. Sullivan apologized and stepped out of the car. Sullivan was then surrounded by three or four people yelling at him. At the center of the group was Daniels, who screamed, "What the fuck are you doing in my car? Who the fuck are you?" and slashed Sullivan's ear and neck with a knife. Sullivan's ear was cut nearly off, and he suffered severe injuries to major arteries in his neck, losing a large amount of blood and requiring many hours of surgery.

According to Daniels's testimony, once Sullivan was out of the car, he grabbed her, threw her against a nearby truck, and began "humping on" her. She claimed she was afraid that he might rape her or throw her into the street, and so, to defend herself, she pulled out a knife from her pocket and struck him. The jury were instructed on self-defense and, according to a note they sent to the judge, indicated that they were deadlocked on, among other things, the issue of self-defense.

That the jury were unable to reach a unanimous verdict does not mean that another jury could not agree unanimously to accept either the Commonwealth's or Daniels's version of events. And the Commonwealth's evidence, were it accepted, would be sufficient to prove the crimes charged. See, e.g., *Commonwealth* v. *Hap Lay,* 63 Mass. App. Ct. 27, 36 (2005); *Commonwealth* v. *Bartoloni,* 2 Mass. App. Ct. 152, 154 (1974). Daniels's claim that the Commonwealth failed to disprove that she acted in self-defense beyond a reasonable doubt fails because, while the evidence at her trial, viewed most favorably to her, entitled her to a self-defense instruction, the jury were not required

to credit her version of the altercation. See *Hartfield* v. *Commonwealth*, 443 Mass. 1022, 1022 (2005). The Commonwealth's evidence was more than sufficient to disprove self-defense and to support convictions of the charged offenses. Retrial is therefore not barred by principles of double jeopardy.

*Judgment affirmed.*

*Willie J. Davis* for the petitioner.

*Macy Lee*, Assistant District Attorney, for the Commonwealth.