*Peter T. Linn*, pro se.

JOSHUA G. STEGEMANN *vs.* COMMONWEALTH. February 23, 2010. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Sentence.

In 2003, a Superior Court jury convicted Joshua G. Stegemann on a series of drug-related indictments. The Appeals Court reversed the judgments on certain indictments but affirmed the judgments on others. *Commonwealth* v. *Stegemann*, 68 Mass. App. Ct. 292 (2007). Thereafter, the trial judge allowed a joint motion to revise and revoke Stegemann's sentence, and he was resentenced.[1]

In September, 2009, the judge denied Stegemann's motion for enforcement of judgment or, in the alternative, to correct the sentence. Stegemann filed a notice of appeal from the denial of that motion, and that appeal is currently pending in the Appeals Court.[2] Additionally, he filed a G. L. c. 211, § 3, petition in the county court. That petition sought an order requiring the Superior Court to "correct" his sentences, on the ground of an alleged "agreed-upon settlement" between himself and the Commonwealth. A single justice of this court denied the petition without a hearing, stating that Stegemann had an adequate alternative remedy.

Stegemann has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires him to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." Rule 2:21 does not apply here, however, because Stegemann does not challenge any interlocutory ruling of the trial court. Nonetheless, on the record before us, it is evident that the single justice neither erred nor abused his discre-

---

[1]The judge also granted Stegemann leave to appeal his sentence to the Appellate Division of the Superior Court.

[2]The Appeals Court's docket indicates that the appeal has been fully briefed.

tion in denying relief under G. L. c. 211, § 3. Relief under that statute is reserved for exceptional circumstances, where necessary to protect substantive rights in the absence of an adequate alternative remedy. *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977). In this case, Stegemann failed to demonstrate either the absence of an alternative remedy (his direct appeal from the challenged Superior Court order is pending) or that that remedy is inadequate in any material respect.

While Stegemann alleges that a direct appeal is not an effective remedy — because the Appeals Court may not act before the date he alleges he will be eligible for parole, for example — nothing in the record before the single justice supports his speculation about the expediency with which the Appeals Court will decide his appeal, or otherwise persuades us that the single justice erred in declining to exercise this court's extraordinary power of general superintendence.[3] *Bedell* v. *Bedell*, 452 Mass. 1009, 1009 (2008) ("petitioner bears the burden to allege and demonstrate the absence or inadequacy of other remedies").

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Joshua G. Stegemann*, pro se.


---

[3]Stegemann may, of course, move to expedite his appeal in the Appeals Court or otherwise bring his concerns to that court's attention.