NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13400

SUBURBAN ELECTRIC CONTRACTING, INC.  vs.  SEFER OZDEMIR.[1]


May 26, 2023.


Supreme Judicial Court, Superintendence of inferior courts.
     Interest.  Practice, Civil, Interest.


     The petitioner, Suburban Electric Contracting, Inc.
(Suburban), appeals from a judgment in the county court denying
its petition for relief under G. L. c. 211, § 3.  We affirm.

     Background.  After a jury trial, Suburban was awarded
monetary damages on a breach of contract claim against the
respondent, Sefer Ozdemir.  The parties cross-appealed from the
judgment.  The Appellate Division of the Boston Municipal Court
Department affirmed the verdict but remanded the case for
consideration of attorney's fees and recalculation of interest,
in accordance with the terms of the underlying contract.  Upon
remand, Suburban filed a motion for attorney's fees in the
amount of $31,750.99.  The motion was allowed, and an amended
judgment entered in April 2021 incorporating these attorney's
fees, along with the postjudgment interest rate specified in the
contract.  An execution issued on the amended judgment later the
same month totaling $65,708.26.

     Over one and one-half years later, Suburban moved for the
appointment of a special process server to conduct a sale of
Ozdemir's real property in order to satisfy the amended judgment
and execution.  Thereafter, counsel for Ozdemir presented a
check for the execution amount, plus the postjudgment interest
that had since accrued.  Suburban refused to accept payment,
asserting that the check failed to fully satisfy the execution

_____

     [1] Individually and as trustee of Golden Horn Realty Trust.

because it did not compensate Suburban for additional attorney's fees and costs incurred after entry of the amended judgment.[2] Suburban instead continued to litigate the motion to appoint a special process server for the purpose of selling Ozdemir's property.  At a hearing on the motion, a judge in the trial court declined to take action, concluding that the motion was premature in light of Ozdemir's willingness to tender payment on the execution amount of $65,708.26 plus postjudgment interest, and ordered that further accrual of such interest be tolled. The judge instructed Suburban that it would need to file a motion if it sought to recover additional attorney's fees beyond the $31,750.99 already incorporated into the amended judgment.

Thereafter, Suburban filed a motion to vacate the judge's ruling tolling the accrual of postjudgment interest.  Suburban requested, in the alternative, that the tolling order be stayed pending appeal.[3]  The matter came before a second judge in the trial court, who declined to rule on the motion, observing that Suburban was effectively seeking reconsideration of another motion judge's ruling.[4]  Suburban then filed the instant petition requesting relief from the tolling order.  A single justice denied the petition without a hearing, and this appeal followed.

Discussion. Suburban has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  Bypassing the question whether that rule applies in these circumstances, it is nonetheless clear from the record that the single justice did not err or abuse his

---

[2] At the hearing on Suburban's motion to appoint the special process server, counsel for Suburban produced a bill itemizing some portion of the additional fees for which it sought compensation.  However, Suburban did not file a motion for additional attorney's fees, and the record before the single justice does not contain an affidavit or itemization of these fees and costs.

[3] Suburban also filed a separate motion to strike the tender of payment offered by Ozdemir.  That motion was denied.

[4] In response to the second motion judge's ruling, Suburban withdrew its motion for the appointment of a special process server.

discretion in denying relief.  See Cook v. Carlson, 440 Mass. 1025, 1025-1026 (2003).  Here, Suburban has failed to demonstrate that the ruling it seeks to challenge "could not adequately be addressed through the ordinary appellate process, in an appeal . . . from the postjudgment order."  Lasher v. Leslie-Lasher, 474 Mass. 1003, 1004 (2016).  See, e.g., City Coal Co. of Springfield v. Noonan, 424 Mass. 693, 695 (1997) (entertaining subsequent appeal concerning postjudgment interest but declining to consider arguments as to prejudgment interest which were apparent on face of original judgment and could have been raised in original appeal).  Indeed, in its motion to vacate the tolling order, Suburban explicitly contemplated pursuing an appeal.  Suburban chose not to do so and, "[h]aving failed to avail [itself] of the traditional appellate route to obtain an effective remedy, . . . is not entitled to invoke the extraordinary relief set forth in G. L. c. 211, § 3." Harrington v. Deutsche Bank Nat'l Trust Co., 484 Mass. 1041, 1042 (2020), quoting Lantsman v. Lantsman, 429 Mass. 1018, 1019 (1999).

Judgment affirmed.


The case was submitted on the papers filed, accompanied by a memorandum of law.

Alvin S. Nathanson for the petitioner.