SUPREME JUDICIAL COURT 
 
 LANCE HULLUM vs. COMMONWEALTH

 
 Docket:
 SJC-13453
 
 
 Dates:
 October 2, 2024
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Supreme Judicial Court, Superintendence of inferior courts. Practice, Criminal, Double jeopardy, Verdict, Lesser included offense, Duplicative convictions. Assault and Battery.
 
 

  
      The petitioner, Lance Hullum, appeals from a judgment of the county court denying his petition for extraordinary relief pursuant to G. L. c. 211, § 3.  We affirm.
      Background.  In 2014, Hullum was indicted on various aggravated assault charges stemming from an incident in which he allegedly attacked multiple individuals, including Raymond Girard and Richard Saunders.  With respect to the attack on Girard, Hullum was charged with armed assault with intent to murder a victim sixty years or older, in violation of G. L. c. 265, § 18 (a) (indictment three); assault and battery by means of a dangerous weapon on a victim sixty years or older, in violation of G. L. c. 265, § 15A (a) (indictment five); and assault with intent to maim, in violation of G. L. c. 265, § 15 (indictment seven).[1]  Hullum faced similar charges with respect to the attack on Saunders.[2]
      Hullum was tried, pro se, before a jury in the Superior Court in Plymouth County.  At the conclusion of trial, with respect to the charges of armed assault with intent to murder (indictments three and nine), the jury found Hullum guilty of the lesser included offense of assault.  The jury returned guilty verdicts on the remaining indictments.
      On direct appeal, the Appeals Court concluded that Hullum did not validly waive his right to counsel.  As a result, on all but one of the charges,[3] the verdicts were set aside and the matter was remanded for a new trial.  See Commonwealth v. Hullum, 100 Mass. App. Ct. 1121 (2022).  On remand, Hullum moved to dismiss the surviving indictments on the grounds of double jeopardy and collateral estoppel.  With respect to indictments three and nine, for which Hullum had been convicted of the lesser included offenses of assault, the motion judge concluded that Hullum could not be retried on the underlying, greater offense, but denied his motions to dismiss.
      Hullum then filed the instant petition in the county court, seeking relief from the denial of the motions to dismiss.  The single justice determined that review of the merits was appropriate, see Hartfield v. Commonwealth, 443 Mass. 1022, 1022 n.1 (2005), but concluded that the motions to dismiss had been properly denied.  This appeal followed.
      Discussion.  As a general matter, "[d]ecisions of a single justice will not be disturbed on appeal absent clear error of law or abuse of discretion."  Adjartey v. Central Div. of the Hous. Court Dep't, 481 Mass. 830, 833 (2019), quoting Fogarty v. Commonwealth, 406 Mass. 103, 106 (1989).  On appeal, "[w]e review determinations regarding double jeopardy de novo."  Commonwealth v. Taylor, 486 Mass. 469, 477 (2020).
      Under principles of double jeopardy, the Commonwealth is precluded from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial.  See Commonwealth v. Adams, 485 Mass. 663, 670 (2020).  Here, the verdicts on indictments three and nine, in which the jury found Hullum guilty of the lesser included offenses of assault, necessarily implied that the jury acquitted Hullum of the greater offenses of armed assault with intent to murder a victim sixty years or older (as to Girard) and armed assault with intent to murder (as to Saunders).  See Commonwealth v. Figueroa, 468 Mass. 204, 228 (2014).  Accordingly, the motion judge correctly ruled, and the single justice correctly recognized, that the Commonwealth may only retry Hullum on the lesser included offense of simple assault on indictments three and nine.  Hullum nonetheless argues that the lesser assault charges, as well as the charges for assault and battery by means of a dangerous weapon, must be dismissed because they are lesser included offenses of armed assault with intent to maim, and stem from the same course of conduct.  
      As a general matter, absent legislative authorization, a defendant may not be convicted of both a greater and lesser included offense in a single criminal proceeding unless "each conviction is premised on a distinct criminal act."  Commonwealth v. Vick, 454 Mass. 418, 435 & n.16 (2009) ("Whether a defendant's actions constitute separate and distinct acts . . . is a question of fact for the jury to resolve").  If a jury does return verdicts that are duplicative, vacatur of one of the convictions is appropriate, and "the determination as to which conviction to vacate lies with the sentencing judge."  Commonwealth v. Rivas, 466 Mass. 184, 190–191 (2013).  Here, however, Hullum has yet to be retried, let alone convicted, on the pending indictments.  Thus, even assuming, arguendo, that any of the indictments are duplicative, his request for relief is premature.  See id. at 190 (courts need only assess issue of vacating duplicative convictions "where the Commonwealth has not, prior to sentencing, made the decision to enter a nolle prosequi on one of the two duplicative convictions").  Accordingly, the single justice did not commit an error of law or otherwise abuse her discretion in denying relief.[4],[5]
      
Judgment affirmed.
footnotes

      Rachel T. Rose for the petitioner.
      Elizabeth A. Mello Marvel, Assistant District Attorney, for the Commonwealth.
          [1] Indictment seven charged Hullum with assault with intent to murder or maim, but the Commonwealth clarified at trial that it was proceeding solely under a theory of assault with intent to maim.
               [2] Specifically, Hullum was charged with armed assault with intent to murder Saunders, in violation of G. L. c. 265, § 18 (b) (indictment nine); assault and battery by means of a dangerous weapon, in violation of G. L. c. 265, § 15A (b) (indictment eleven); and assault with intent to maim, in violation of G. L. c. 265, § 15 (indictment thirteen).
               [3] The Appeals Court reversed the judgment of conviction for assault with intent to maim Saunders and dismissed the underlying indictment (indictment thirteen) because the Commonwealth conceded that it had been granted leave to make an impermissible, substantive amendment to the indictment on the first day of trial.
          [4] We have also considered the arguments raised in the defendant's brief filed pursuant to Commonwealth v. Moffett, 383 Mass. 201, 208 (1981), and similarly conclude that they do not warrant relief.  The guilty verdicts on the lesser included offenses of assault did not indicate that the jury "necessarily decided" that Hullum was not armed with a dangerous weapon, so as to preclude his retrial on the remaining indictments.  Commonwealth v. Adams, 485 Mass. 663, 670 (2020), quoting Yeager v. United States, 557 U.S. 110, 119 (2009).  Indeed, the jury were instructed that a verdict of guilty on the lesser offense of assault would be appropriate if the jury found that Hullum was, in fact, armed with a dangerous weapon but did not harbor a specific intent to kill.  Accordingly, the single justice correctly concluded that the defendant had failed to demonstrate that an issue "whose relitigation he seeks to foreclose was actually decided by the first jury's verdict" (quotation and alteration omitted).  Adams, supra at 672, quoting Bravo-Fernandez v. United States, 580 U.S. 5, 12 (2016).  For the same reason, the guilty verdict on the lesser offense of assault for indictment three did not indicate that the jury necessarily found that Girard was not over the age of sixty.
               [5] Hullum's motion to withdraw his pro se filings from June 10, 2024, is allowed.  No action is necessary on his motion to proceed on the record below.  See Mass. R. A. P. 8 (a), as appearing in 481 Mass. 1611 (2019).