NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13926

IN THE MATTER OF AN IMPOUNDED CASE.


June 24, 2026.


Supreme Judicial Court, Superintendence of inferior courts.  Practice, Civil, Care and protection proceeding.



The petitioner appeals from the judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3, seeking extraordinary relief.  We affirm.

The petition challenged interlocutory orders issued in a proceeding in the Juvenile Court.  Specifically, the petitioner contested an order removing his children from his custody, alleging that the ruling was in error and that the removal proceedings afforded him insufficient process.  He also alleged that, at some point in the past, one of his children was unlawfully sedated while in State custody.  In addition, he challenged an alleged oral order imposing filing restrictions and limiting his access to the court.  As relief, he asked the single justice to stay proceedings in the Juvenile Court, to order a well-being check for his children, to order that his children be returned to his custody, and to order the Juvenile Court clerk's office to accept certain of his filings.  The petitioner further sought an order for the production of documents related to his children.  The single justice denied the petition "on the ground that the petitioner ha[d] an adequate, alternate remedy in the normal appellate process, including seeking review of any interlocutory orders issued by [the] trial court with [a] single justice of the Appeals Court pursuant to G. L. c. 231, § 118."

Presently before this court is the petitioner's appeal from the judgment of the single justice. The petitioner has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). He represents in his memorandum that a final judgment has not yet issued in the Juvenile Court. Because the petitioner appeals from a single justice's denial of relief from interlocutory rulings of the trial court, rule 2:21 applies. See S.J.C. Rule 2:21 (1). That rule requires the petitioner to show that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2).

In his memorandum, the petitioner argues that the ordinary course of appeal provides an inadequate remedy. Having alleged procedural deficiencies in the Juvenile Court proceedings, the petitioner contends that he cannot obtain relief in that court. Further, he asserts that one of his children suffers from disorders requiring specialized monitoring and "consistent parental care" such that any time away from the petitioner constitutes irreparable harm that cannot be remedied in the ordinary course of appeal.

Nevertheless, the petitioner does not explain why review of the disputed interlocutory orders could not have been obtained pursuant to G. L. c. 231, § 118, first par., an alternative remedy identified by the single justice. See Kifor v. Commonwealth, 492 Mass. 1021, 1022 (2023), cert. denied, 144 S. Ct. 591 (2024) (holding challenge to interlocutory orders imposing filing restrictions could have been brought pursuant to G. L. c. 231, § 118); Matter of Children, 479 Mass. 1008, 1008-1009 (2018) (noting petition pursuant to G. L. c. 231, § 118, for review of order denying motion seeking custody); Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020 (1996) (holding G. L. c. 231, § 118, where available, is adequate alternative to petition pursuant to G. L. c. 211, § 3).

To the extent that the petitioner's arguments rely on the need for prompt relief, he does not explain why he could not have moved to expedite any resolution of a petition filed pursuant to G. L. c. 231, § 118, first par. See Stegemann v. Commonwealth, 456 Mass. 1004, 1005 & n.3 (2010) (noting petitioner "may, of course, move to expedite his appeal in the Appeals Court"); Care & Protection of Rae, 454 Mass. 1019, 1020 (2009) ("Any concern the petitioners might have about the speed with which the Appeals Court might handle their appeal[] from . . . the dismissal of their guardianship petition can be

addressed by [a] motion[] for expedited ruling[] on [that] appeal[]"); Meuse v. Pane, 433 Mass. 1008, 1008-1009 (2001) (holding petitioner did not explain why "need for prompt judicial action based on representations as to the child's physical and psychological condition" could not be addressed by seeking "prompt scheduling" of further proceedings contemplated by trial court judge).

Moreover, the petitioner's contentions do not render inadequate an appeal in the ordinary course. See Kifor v. Commonwealth, 491 Mass. 1002, 1003 (2022), cert. denied, 143 S. Ct. 2504 (2023) (holding custody and support proceedings in Probate and Family Court "reviewable in the ordinary appellate process"); DeFeudis v. DeFeudis, 449 Mass. 1030, 1030-1031 & n.2 (2007) (holding petitioner subject to filing restrictions and asserting denial of equal access to courts did not establish "why he could not obtain adequate relief, if warranted, on appeal from a final judgment").

In sum, the petitioner has not met his burden pursuant to rule 2:21, and we conclude that the single justice did not abuse her discretion in denying the petition for failing to establish the absence of adequate alternative remedies. See Boone v. Commonwealth, 494 Mass. 1011, 1012-1013 (2024) ("where the single justice exercises discretion not to reach the merits of a petition, . . . the full court asks only whether the single justice abused his or her discretion in making that decision" [quotation and citation omitted]); Commonwealth v. Fontanez, 482 Mass. 22, 24 (2019) ("The single justice is not required to become involved if the petitioner has an adequate alternative remedy . . ."). The judgment of the single justice is therefore affirmed.

<u>Judgment affirmed.</u>


The case was submitted on the papers filed, accompanied by a memorandum of law.
The petitioner, pro se.