ATTORNEY GENERAL *vs*. THE BROCKTON AGRICULTURAL
SOCIETY.

Suffolk.  September 12, 1983. — November 15, 1983.

Present: WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Parties, Intervention.  *Corporation,* Stockholder.  *Due
Process of Law,* Intervention in civil action.

In an action by the Attorney General against a corporation having sub-
stantial assets, where the basic dispute was whether the corporation
was a public charity, the stockholders of the corporation made no
showing that the corporation would represent their interests inade-
quately so as to entitle them, under Mass. R. Civ. P. 24(a), to in-
tervene as of right.  [433-435]
No abuse of discretion appeared in the denial of a motion by shareholders
of a corporation having substantial assets for leave to intervene in an
action brought against the corporation by the Attorney General, in
which the basic dispute was whether the corporation was a public
charity, where the judge could properly consider that the shareholders'
interests were already adequately represented by counsel for the cor-
poration, that admitting the shareholders would delay disposition of
the matter, that a cooperative relationship existed between respective
counsel for the shareholders and the corporation, and that the underly-
ing issue was one of law that appeared to turn on documentary facts.
[435-436]
Shareholders in a corporation had no State or Federal due process right to
intervene in an action against the corporation, either on the basis that
they would otherwise be compelled to accept the services of unwanted
legal counsel or by reason of the adverse effect that the outcome of the
litigation might have upon the value of their investment.  [436-437]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 3, 1980.

A motion for leave to intervene was heard by *Zobel,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Stanley H. Rudman* for Ethel Holmes Albee & others.

*Frank L. Kozol* for Brockton Agricultural Society.

*Catharine W. Hantzis,* Assistant Attorney General (*Leslie G. Espinoza,* Assistant Attorney General, with her) for the Attorney General.

WILKINS, J. We are concerned with the question whether certain shareholders of the defendant, The Brockton Agricultural Society (corporation), were improperly denied the right to intervene in this action. The Attorney General seeks an order that the corporation file annual written reports and audited financial statements pursuant to G. L. c. 12, § 8F. The basic or underlying dispute is whether the corporation is a public charity subject to the filing provisions of § 8F. The Attorney General claims that the defendant is a public charity. The corporation claims that it is not.

Approximately fourteen months after the action was commenced, eleven persons holding shares in the corporation filed a motion for leave to intervene in the action as defendants. It seems agreed that the corporation has 830 shares of stock outstanding, held by 145 stockholders. It also is agreed that the corporation has substantial assets. The underlying question in this action is of obvious importance to all the shareholders of the corporation. The nature, and value to them, of their interest in the corporation will be quite different if the corporation's assets are held for charitable purposes, as the Attorney General asserts, rather than for their own benefit, as the corporation and the eleven applicant shareholders claim.

A judge in the Superior Court held a hearing on the motion, a transcript of which is before us, and denied the motion to intervene. He concluded that the applicant shareholders, whom we shall hereafter generally refer to as the shareholders, were not entitled to intervene as a matter of right under Mass. R. Civ. P. 24(a), 365 Mass. 769 (1974).[1]

---

[1] Rule 24(a) reads as follows: "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the Commonwealth confers an unconditional right to intervene or (2) when the

He further concluded that he would also deny the motion to intervene in the exercise of his discretion whether to allow permissive intervention under Mass. R. Civ. P. 24(b), 365 Mass. 769 (1974).[2] His order denying intervention was immediately appealable by the shareholders claiming intervention as of right. *Mayflower Dev. Corp.* v. *Dennis,* 11 Mass. App. Ct. 630, 634-635 (1981). At least where there is also an appeal from a denial of a claim of intervention as of right, we will also consider the denial of a request for permissive intervention. See 3B Moore's Federal Practice par. 24.15, at 24-163 — 24-169 (2d ed. 1982); 7A C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1923, at 630-632 (1972 & Supp. 1982). On our own motion we transferred the appeal of the corporation and the shareholders to this court. We affirm the order denying intervention.

1. *The claim of intervention as of right.* The motion judge treated the claim to intervene as of right in this case as turning solely on the question whether, under rule 24(a)(2), the applicants' interest was adequately represented by the corporation. There is no doubt that the shareholders claim an interest in the transaction which is the subject of the underlying claim and that "the disposition of the [underlying] action may as a practical matter impair or impede [their] ability to protect [their] interest." *Id.* Nothing in the record indicates that the motion judge denied the request to intervene as of right because it was presented too late.

---

applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

[2] Rule 24(b), omitting a sentence not relevant to this case, reads as follows: "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the Commonwealth confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The burden of showing the inadequacy of the representation is on the applicant. See *Trbovich* v. *UMW*, 404 U.S. 528, 538 n.10 (1972).[3] The weight of that burden may vary depending on the circumstances, and, in the circumstances of this case, the weight of that burden is substantial. If the interest in the underlying claim of a shareholder seeking to intervene on the side of the corporation is identical to that of the corporation, "then a compelling showing should be required to demonstrate why this representation is not adequate." 7A C.A. Wright & A.R. Miller, Federal Practice and Procedure, *supra* at 524. See *Mayflower Dev. Corp.* v. *Dennis*, 11 Mass. App. Ct. 630, 637 (1981); *Commonwealth* v. *Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976); *Ordnance Container Corp.* v. *Sperry Rand Corp.*, 478 F.2d 844, 845 (5th Cir. 1973); *Maryland Radiological Soc'y, Inc.* v. *Health Servs. Cost Review Comm'n*, 285 Md. 383, 390-392 (1979); Shapiro, Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators, 81 Harv. L. Rev. 721, 748 n.119 (1968).

On the record before us, not only is there no "compelling showing" of inadequacy, there is no showing at all that the

---

[3] The language of Fed. R. Civ. P. 24(a)(2) (1982) is substantially the same as the language of Mass. R. Civ. P. 24(a)(2). Where there is an identity of the language and no compelling reason to do otherwise, our practice is to adhere to judicial constructions of the Federal rule in construing our similar State rule. See *Rollins Envtl. Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975).

As to who has the burden to show the adequacy or inadequacy of the representation, the Federal decisions are not unanimous. See 7A C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1909, at 520-524 (1972 & Supp. 1982). The weight of authority, however, puts the burden of proving inadequacy of representation on the applicant. See *Trbovich* v. *UMW, supra; Commonwealth* v. *Rizzo*, 530 F.2d 501, 505 (3d Cir.), cert. denied sub nom. *Fire Officers Union* v. *Pennsylvania*, 426 U.S. 921 (1976); *Afro Am. Patrolmens League* v. *Duck*, 503 F.2d 294, 298 (6th Cir. 1974); *Curtis* v. *United Transp. Union*, 486 F. Supp. 966, 980-981 (E.D. Ark. 1979) (mem. 1980), rev'd on other grounds, 648 F.2d 492 (8th Cir. 1981); *United States* v. *American Inst. of Real Estate Appraisers of the Nat'l Ass'n of Realtors*, 442 F. Supp. 1072, 1081 (N.D. Ill. 1977); *Pierson* v. *United States*, 71 F.R.D. 75, 78 (D. Del. 1976). Contra *New England Petroleum Corp.* v. *FEA*, 71 F.R.D. 454, 458 (S.D.N.Y. 1976).

corporation's representation is or will be inadequate. There is no adversity of interest, no collusion between the corporation and the office of the Attorney General, and no lack of diligence by the corporation in defending against the Attorney General's claim. See *Mayflower Dev. Corp.* v. *Dennis, supra* at 637-638. Although the examples just cited may not be all the possible grounds for finding inadequacy of representation (see 7A C.A. Wright & A.R. Miller, *supra* at § 1909, at 523-524) at no time before the motion judge or before us have the appellants presented any reason why the corporation's representation of the interest claimed by the shareholders might be inadequate. The shareholders do not claim that they would advance any contentions bearing on the underlying claim that the corporation cannot or will not present. Where the parties, who know the actual circumstances, present no basis for concluding that the representation might be inadequate and where on the record the representation appears adequate, it is not for us to speculate concerning possible inadequacies in that representation.

2. *Permissive intervention.* The motion judge did not abuse his discretion in denying the request to intervene. Here, under rule 24(b), the judge could have permitted the intervention, but he was not obliged to. He could consider that the shareholders' interest was already adequately represented in the action; that the action had been pending for over a year before intervention was sought, during which time significant pretrial discovery had already occurred; that admitting the shareholders would delay disposition of the matter (as this appeal itself no doubt has); and that other shareholders with their own counsel might seek to intervene if he allowed the motion.

The by-laws provide that the officers and directors of the corporation are to be elected annually by ballot of the shareholders. Thus management of the corporation and the question of who shall be counsel for the corporation are within the ultimate control of the holders of a majority of the shares in the corporation. There is no suggestion of a disagreement among the corporation's shareholders con-

cerning the basic issue presented in this case. The trial judge also could take note of the obvious cooperation between counsel for the corporation and counsel for the shareholders, which would suggest that counsel for the corporation would consider the views of the shareholders' counsel in the trial and argument of the case. And finally, the underlying issue is one of law that appears to turn on facts that are largely documentary. In such a case, differences in the manner of representation seem less likely to influence the outcome than where there are factual disputes.

3. *The constitutional claim.* The shareholders argue that, in any event, they have a constitutional right to participate in the pending action through counsel of their own choosing. They assert that due process of law considerations under the United States and Massachusetts Constitutions grant that right. There is no question that the shareholders may have counsel of their own choosing. They have engaged counsel to pursue their motion to intervene. Even if that motion is denied, however, they are not being compelled to accept the services of unwanted counsel. Counsel to the corporation does not represent the shareholders. He represents the corporation as a corporate entity. See ABA Code of Professional Conduct EC 5-18 (1978), which guides our interpretation of the Canons of Ethics and Disciplinary Rules. S.J.C. Rule 3:07(2), as appearing in 382 Mass. 769 (1981). He has no duty to shareholders personally and, if intervention is not allowed, he will violate no professional obligation in representing the corporation in this case and, within the meaning of rule 24(a)(2), in representing the interest of the shareholders. This is not a case of multiple representation barred by S.J.C. Rule 3:07, DR 5-105(A), as appearing in 382 Mass. 781 (1981).

The essence of the shareholders' constitutional claim is simply that they have a constitutional right to intervene. The appellants cite no case, and we are aware of no case, in which a court has held that a shareholder in a corporation has a constitutional right to intervene in circumstances in which a rule, such as Fed. R. Civ. P. 24(a)(2), or Mass. R.

Civ. P. 24(a)(2), gives the shareholder no right to intervene.[4] The fact that the determination of a basic dispute in favor of a corporation will be important to shareholders does not establish such a right, even where an adverse determination of the basic dispute may proclaim a rule of law that will, if applied to them, determine that shareholders' stock is worthless or nearly so.

The shareholders assert that the determination of the underlying issue will have an effect on them in a stare decisis sense, but they do not assert that they will be bound by the result in a res judicata or issue preclusion sense. We do not suggest that the result we reach on the due process of law claim would be any different if the shareholders are to be bound in a res judicata sense by the ultimate decision in this case. We simply need not decide the point on the arguments made to the motion judge and to us.

4. The order denying the motion to intervene is affirmed.

*So ordered.*

---

[4] There is some authority that, where representation of a person's interest by another is adequate, the requirements of due process as to that person may be met. See *Curtis* v. *United Transp. Union,* 486 F. Supp. 966, 980 (E.D. Ark. 1979) (mem. 1980); *International Tel. & Tel. Corp.* v. *Alexander,* 396 F. Supp. 1150, 1166-1167 & n.38 (D. Del. 1975) (also suggesting that, in certain circumstances, participation as an amicus curiae may satisfy the requirements of due process of law).