Kottmyer, J.
The Roman Catholic Bishop of Worcester, a corporation pursuant to the provisions of Chapter 197 of the Acts of 1950 (“the Bishop”), has moved, pursuant to Rule 24, Mass.R.Civ.P., to intervene as a plaintiff this action. The Bishop seeks to intervene to protect the interest of the Roman Catholic Diocese of Worcester (“the Diocese”) in two liquor liability insurance policies insuring the Bishop. For the reasons stated herein, the motion is allowed.
This action concerns a dispute between two insurance companies which issued policies insuring the Diocese. The plaintiff Catholic Relief Insurance Company of America (“Catholic Relief’) settled a personal injury claim against the Bishop for $1 million. Catholic Relief had issued two liability insurance policies to the Bishop which were effective on June 11, 1988, when the accident giving rise to the claim occurred. It brought this action against Liquor Liability Joint Underwriting Association (“the LLJUA”), which had also issued two liquor legal liability policies to the Bishop, seeking reimbursement of two-thirds of the total settlement cost. Catholic Relief contends in this action that the LLJUA is obligated under its policies to afford defense and indemnity coverage with respect to the suit giving rise to the settlement.
In its answer, the LLJUA admitted that it issued the policies in question to the Bishop, but contends that they are void, as a matter of law, because the LLJUA is not authorized by its enabling statute to issue liquor legal liability insurance to a person who has been able to obtain such insurance elsewhere. The LLJUA also contends that liability on the underlying claim was not clear, that the settlement was entered into without its consent and it therefore has no duty to contribute to the settlement. It also seeks to recover from Catholic Relief costs it expended in defending the suit, plus interest.
In the complaint filed in accordance with Rule 24(c), the Diocese alleges that at the time it purchased the policies from the LLJUA, it was unable to obtain liquor legal liability insurance elsewhere despite its vigorous efforts to do so. It seeks a declaratory judgment that the policies are valid.
The LLJUA opposes the motion to intervene. It asserts that the Diocese’s interests will not be impaired or impeded by the disposition of this case because no rulings will be binding on the Diocese. It points out that there are no open claims under the 1988 policies at issue in the litigation and that the statute of limitations has expired. The Diocese contends that it has continued exposure for injuries incurred by minors and incapacitated persons, G.L.c. 260, §7, and that it therefore has a significant and vital interest in preserving the LLJUA insurance coverage.
FINDINGS AND RULINGS
A. Intervention As of Right
Mass.R.Civ.R 24(a) provides:
Upon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.
The Court finds that by virtue of its ownership of the insurance policies which the LLJUA claims are void, the Diocese has an interest in the property which is the subject matter of this action and is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest. The issue is whether the Diocese’s interest is adequately represented by Catholic Relief. The Diocese claims that it is not in light of the Diocese’s unique future interest in the validity of the policies. The burden of demonstrating the inadequacy of the representations is on the applicant. Attorney General v. Brockton Agricultural Society, 390 Mass. 431, 434 (1983). Here, the Diocese has made no showing that Catholic Reliefs representation is or will be inadequate. There is no allegation of adversity of interest, collusion or lack of diligence on the part of Catholic Relief. See Mayflower Dev. Corp. v. Dennis, 11 Mass.App.Ct. 630, 637 (1981). Any determination that the representation is inadequate would be based on speculation.
B. Permissive Intervention
Rule 24(b) provides in pertinent part:
Upon timely application anyone may be permitted to intervene in an action... (2) when an applicant’s claim or defense and the main action have a question of law or fact in common .... In exercising its *249 discretion, the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
The claim of the Diocese as to the validity of the policies is at the heart of the present action. The LLJUA asserts that the motion to intervene should be denied because an action for declaratory relief will not lie where there is not actual controversy. Here, there is an actual controversy as to the validity of the policies and litigation raising this issue is ongoing. The purpose of the declaratory judgment statute is to afford relief from uncertainty and insecurity with respect to rights, duties and other legal relations. G.L.c. 231A, §9; Massachusetts Ass’n of Independent Ins. Agents & Brokers v. Commissioner of Insurance, 373 Mass. 290 (1977). Although remote, the potential that claims may be asserted against the Diocese in the future which would otherwise be covered by these policies exists. See G.L.c. 260, §7. A principal benefit of purchasing insurance is the peace of mind afforded by the existence of coverage.
The factual and legal issues presented by the declaratory judgment complaint are identical to those raised in the original action by the LLJUA’s claim that the policies are not valid. For that reason, the intervention will not “unduly delay or prejudice the adjudication of the rights of the original parties.”[1] The Diocese should therefore be permitted to intervene to protect its interests in these policies.
Conclusion
For the reasons stated herein, the Diocese’s motion to intervene as of right pursuant to Mass.R.Civ.P. 24(a) is denied and its motion for permission to intervene pursuant to Mass.R.Civ.P. 24(b) is granted.

The fact that the Diocese, in contrast to the original parties, has demanded a jury trial will not- appreciably lengthen the trial of the case.