MacDonald, D. Lloyd, J.
Before the Court is the motion of the Massachusetts Building Trades Council (“Mass Trades”) to intervene permissively as a party-defendant pursuant to Mass.R.Civ.P. 24(b).
The underlying litigation is a declaratory judgment action brought by various construction-related trade organizations and principals challenging the legality of Chapter 306 of the Acts of 2004, amending G.L.c. 30, §39M and G.L.c. 149, §44A et seq. (the “Statute”). The defendant Attorney General supports the motion; the plaintiffs oppose. For the reasons stated below, the Court ALLOWS the motion.
Background Facts
The Statute amended the Commonwealth’s public bidding statutes to require that all “employees” employed on a public worksite must have completed a ten-hour course in construction safety, approved by the United States Occupational Safety and Health Administration (“OSHA”) prior to beginning work. The amended public bidding statute, G.L.c. 30, §39M, applies to “[e]very contract for the construction, reconstruction, alteration, remodeling or repair of any public work, or for the purchase of any material, as hereinafter defined, by the commonwealth, or political subdivision thereof, or by any county, city, town, district, or housing authority, and estimated by the awarding authority to cost more than ten thousand dollars, and every contract for the construction, reconstruction, installation, demolition, maintenance or repair of any building by a public agency, as defined by subsection one of section forty-four A of chapter one hundred and forty-nine, estimated to cost more than $25,000 but not more than $100,000.”
Without question, the Statute impacts a vast amount of construction in the Commonwealth.
Mass Trades is composed of approximately 75,000 construction workers. It appears that Mass Trades was the driving force behind the Statute’s enactment.
Discussion
Permissive intervention pursuant to Mass.R.Civ.P. 24(b) is allowed at the discretion of the court, upon timely application “(1) when a statute of the Commonwealth confers a conditional right to intervene; or (2) when an applicant’s claim or defense and the main action have a question of law or fact in common ... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.” See generally, James W. Smith & Hiller B. Zobel, Rules Practice §24.3, at 163-64 (2006).
In opposing Mass Trades’ intervention, the plaintiffs state that Mass Trades has failed to demonstrate that the Attorney General, as the existing defendant, inadequately represents Mass Trades’ interests. Further, the plaintiffs submit that Mass Trades’ intervention is untimely and that its position does not present common questions of law or fact.
The plaintiffs’ arguments are unpersuasive.
The issue of adequacy of representation by current parties is of particular concern only in the intervention “as of right” context under Rule 24(a). See Attorney General v. Brockton Agricultural Society, 390 Mass. 431, 433-34 (1983). Here, the issue is joined under Rule 24(b)’s permissive intervention authority. A motion for permissive intervention is left to the reasoned discretion of the trial judge. Id. at 435. See also Massachusetts Fedn. of Teachers, AFT, AFL-CIO v. School Comm. of Chelsea, 409 Mass. 203, 209 (1991).
Nevertheless, as will be further addressed below, it is appropriate to consider whether the interests of the original parties are fully aligned with the interests of the party seeking to intervene as one factor that may influence the exercise of the Court’s discretion.
Mass Trades’ entry into the case is not untimely. Intervention prior to trial is generally considered timely. See Brockton Agricultural Society, 390 Mass. at 434-35. See also Fabiano v. Boston Redevelopment Authority, 49 Mass.App.Ct. 66, 75 (2000) (holding that intervention forty-five days after court’s decision on a *567 summary judgment motion was not untimely because final judgment had not yet been rendered).
Here, Mass Trades moved to intervene promptly upon the plaintiffs’ moving for summary judgment, and its entry into the case would not disrupt scheduling or introduce issues extraneous to those posed between the plaintiffs and the Attorney General.
Moreover, there are substantial common issues of law and fact between the original parties and Mass Trades. As noted above, the efforts of Mass Trades’ 'members appear to have been instrumental in causing the Statute’s enactment. Job safety and training in connection with construction projects presumably is of compelling interest to Mass Trades’ members. Its members are most likely the very “employees” referenced in the Statute who will be required to attend the 10-hour safety training program and be certified to have done so. Thus, Mass Trades has a common interest with the original parties in the law and the facts implicated by the Statute.
The situation here is similar to that addressed by Judge Young in the federal New Bedford harbor PCB litigation where the National Wildlife Federation (the “Federation”) moved to intervene when a proposed settlement of the litigation was before the court. The Federation sought intervention in order “to represent the interests of its members who live in the New Bedford Harbor area.” In re Acushnet River & New Bedford Harbor Proceedings re Alleged PCB Pollution, 712 F.Sup. 1019, 1022 (D.Mass. 1989).
Federal Rule 24(b) is identical in substance to Mass.RCiv.P. 24(b). Smith & Zobel, supra, §24.6, at 166. Judge Young observed that one of the factors that guides the exercise of the court’s discretion in the permissive intervention context is “whether the intervenors will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.” Id. at 1023. He concluded that the Federation would “undoubtedly” do so. Id. at 1024. The Court concludes that Mass Trades would do so here, as well.[1]
Finally, while neither the Attorney General nor Mass Trades suggest that there is a conflict between their interests in the litigation, those interests do not fully coincide. Among the issues raised by the plaintiffs in challenging the constitutionality of the Statute is its alleged vagueness with regard to what type of training will be offered, the content of the training, what agency will oversee the training, who will provide and certify the instructors and the acceptable documentation certifying completion of the training. Mass Trades likely has a distinct view on these subjects that may not be adequately articulated by the Attorney General. Additionally, Mass Trades’ interests as to who should assume the costs of the training program required by the Statute almost certainly differ from those of the plaintiffs and the Attorney General.
Taking all the above into account, the Court concludes that Mass Trades’ motion is timely, that its interests present common questions of law and fact with the interests of the original parties and that Mass Trades’ intervention would not delay or prejudice those parties’ rights. To the contrary, intervention by Mass Trades will likely permit the “full development of the underlying factual issues in the suit and . . . the just and equitable adjudication of the legal questions presented.” Acushnet River & New Bedford Harbor, 712 F.Sup.at 1023.
ORDER
The motion of the Massachusetts Building Trades Council to intervene is ALLOWED.

This result is not inconsistent with the SJC’s holding in Planned Parenthood League of Massachusetts, Inc. v. Attorney General 424 Mass. 586 (1997). The Court there upheld the trial judge’s exercise of discretion in denying an anti-abortion group’s motion to intervene in litigation over a statute allowing one parent to consent where the trial judge concluded that the group’s perspective could be adequately presented to the court via amicus briefing. Id. at 66. Such an alternative would not be adequate in this case.