CARE AND PROTECTION OF RAE. August 19, 2009. *Supreme Judicial Court*, Superintendence of inferior courts, Appeal from order of single justice.

The petitioners, former foster parents of a minor child, appeal from a judgment of a single justice of this court denying their petition pursuant to G. L. c. 211, § 3. We affirm.

The child is the subject of a care and protection proceeding in the Juvenile Court. The proceeding was consolidated with a guardianship proceeding commenced by the children's maternal aunt and uncle. During the trial of the matter, the petitioners moved to intervene. Their motion was denied. Following trial, guardianship was granted to the aunt and uncle. Thereafter, the petitioners filed their own guardianship petition, which was dismissed as moot. In the county court, the petitioners sought relief from the order denying their request to intervene. Final judgment has not yet entered in the Juvenile Court proceeding.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Under the rule, the petitioners bear the burden of demonstrating the lack of an adequate alternative remedy. They have not done so. Concerning their motion to intervene, through which they sought intervention as of

---

right as well as permissively, they could have appealed from the order deny-
ing the motion. See *Care & Protection of Zelda*, 26 Mass. App. Ct. 869, 869-
874 (1989) (foster parent and her sister appealed interlocutorily from order
denying motion to intervene, where they sought intervention as of right). See
also *Attorney Gen.* v. *Brockton Agric. Soc'y*, 390 Mass. 431, 432-433 (1983)
(under Mass. R. Civ. P. 24[a], 365 Mass. 769 [1974], denial of claim of
intervention as of right immediately appealable). It is not too late for the
petitioners to seek leave to file a late notice of appeal because less than one
year has passed since the denial of their motion. See Mass. R. A. P. 14(b), as
amended, 378 Mass. 939 (1979). As for the dismissal of the petitioners'
guardianship petition, they have filed a timely notice of appeal. Any concern
the petitioners might have about the speed with which the Appeals Court
might handle their appeals from the denial of their motion to intervene and
from the dismissal of their guardianship petition can be addressed by motions
for expedited rulings on those appeals. Cf. *Restucci* v. *Commonwealth*, 442
Mass. 1045, 1046 (2004).[1]

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum
of law.

*Mark B. Morse* for the petitioners.

*Kally Walsh*, Committee for Public Counsel Services, for the father.

---

[1]The grounds on which we resolve this case obviate our need to address the exhibit
included in the petitioners' record appendix that the child's biological father has moved
to "strike and expunge." We note that the case file has been impounded.