ADOPTION OF TYRIK.[1] March 18, 2010. *Supreme Judicial Court*, Superintendence of inferior courts, Appeal from order of single justice. *Appeals Court*, Appeal from order of single justice. *Parent and Child*, Dispensing with parent's consent to adoption. *Practice, Civil*, Reconsideration.

The biological father of Tyrik, a minor child born out of wedlock, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. The father had sought a stay of a judgment entered in the Probate and Family Court dispensing with his consent to adoption while he pursues an appeal from that judgment. We affirm.

*Background.* Within days of Tyrik's birth, the biological mother surrendered him to a private adoption agency, LDS Family Services (LDS), pursuant to G. L. c. 210, § 2. LDS transferred physical custody of Tyrik to a preadoptive family, where he has remained since February, 2007. Because the father disapproved of the proposed adoption, LDS filed a petition in the Probate and Family Court to dispense with his consent to adoption. Following a jury-waived trial on that action and two related cases not at issue in this appeal, judgment entered dispensing with the father's consent to adoption. The father filed a timely notice of appeal and a motion to stay the judgment pending appeal, pursuant to Mass. R. A. P. 6 (a), as appearing in 378 Mass. 930 (1979). He claimed he had meritorious issues for appeal, and that without a stay he could be irreparably harmed because an adoption decree could enter before his appeal is resolved. His motion was denied by the trial judge.

The father then filed a motion in the single justice session of the Appeals

[1] A pseudonym.

Court, challenging the denial of his motion for a stay and independently requesting a stay from the single justice.[2] The Appeals Court's single justice denied the motion on November 9, 2009. The father did not appeal from that order, but moved for reconsideration. The single justice, on reconsideration, allowed his original ruling to stand on December 2. In both the father's original motion before the single justice and in his motion for reconsideration, he argued, among other things, that he was entitled to an automatic stay pursuant to G. L. c. 215, § 22.

Thereafter, the father filed a petition in the county court pursuant to G. L. c. 211, § 3, again claiming that he is entitled to an automatic stay under G. L. c. 215, § 22. Although he conceded that he could have appealed from the orders of the single justice of the Appeals Court to a panel of that court, he claimed such an appeal would be inadequate because an adoption decree could enter before such an appeal could be resolved. On December 28, while the father's petition was pending in the county court, he filed in the Appeals Court a notice of appeal from the denial of his motion for reconsideration (the December 2 order). A few days later, a second single justice of the Appeals Court struck the notice of appeal, concluding that there is no right to appeal from the denial of a G. L. c. 231, § 118, petition (but see note 2, *supra*) and, even if the father's submission were regarded as a motion for a stay pursuant to rule 6 (a), the notice of appeal was untimely with respect to the November 9 order denying the motion. On January 19, 2010, a single justice of this court denied the father's G. L. c. 211, § 3, petition without a hearing.

*Discussion.* The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The rule does not technically apply because the father, in seeking a stay following the entry of a final judgment dispensing with his consent to adoption, is not seeking relief from a challenged *interlocutory* ruling in the trial court. See S.J.C. Rule 2:21 (1) ("When a single justice denies relief from a challenged interlocutory ruling in the trial court . . ."). In any event, the record shows unequivocally that he had, and still may have, an adequate alternative to relief under G. L. c. 211, § 3, and therefore is not entitled to extraordinary intervention by this court.

With respect to the November 9 order denying his request for a stay, the father could have timely appealed as a matter of right to a panel of the Appeals Court. See *Gifford* v. *Gifford*, 451 Mass. 1012, 1013 (2008).[3,4] As for the December 2 order on his motion for reconsideration, the father filed a timely notice of appeal from that order. Although, as the second single justice of the Appeals Court correctly stated, the motion for reconsideration did not toll the time for filing an appeal from the November 9 order, see *Ben* v. *Schultz*, 47 Mass. App. Ct. 808, 810-814 (1999), it did at least preserve the father's right to appeal from the December 2 order. See *Piedra* v. *Mercy Hosp., Inc.*, 39 Mass.

---

[2]The caption of the father's submission to the single justice referred to G. L. c. 231, § 118, but in essence it was a motion pursuant to Mass. R. A. P. 6 (a), as appearing in 378 Mass. 930 (1979), and was treated as such by the Appeals Court's single justice.

[3]The time has not expired for the father to seek leave from the Appeals Court to file a late notice of appeal. See Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979).

[4]Although, as the second single justice of the Appeals Court correctly noted, the denial of a G. L. c. 231, § 118, first par., petition is generally not appealable, here the substance of the father's motion was a request for a stay under rule 6 (a), rather than a request for relief under G. L. c. 231, § 118. See note 2, *supra*.

App. Ct. 184, 186-188 (1995). Any concern about the speed of the appeal from the December 2 order (and any appeal from the November 9 order, if it is permitted to proceed, see note 3, *supra*) can be addressed in a motion for expedited review. See *Care & Protection of Rae*, 454 Mass. 1019, 1020 (2009). In addition, the father is free to request that the Appeals Court stay the judgment dispensing with his consent to adoption long enough to hear his interim appeal and to determine whether a further stay (pending resolution of the appeal from the underlying judgment) is warranted. We trust such a request would be considered carefully, as the Probate and Family Court has now scheduled a hearing on March 25, 2010, to finalize Tyrik's adoption.

*Conclusion.* The judgment of the single justice of this court denying the father's petition under G. L. c. 211, § 3, is affirmed. See *Cooper* v. *Regional Admin. Judge of the Dist. Court for Region V*, 447 Mass. 513, 521 (2006). The father's appeal from the Appeals Court single justice's December 2 order on his motion for reconsideration shall be reinstated in the Appeals Court. A rescript to this effect shall issue forthwith.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Cheryl Garrity & Michael S. Penta* for the father.